In re WOULFE & CO.

WILLIAM CAMERON & CO., Inc., v. GOODWIN et al.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1916. On Petition for Rehearing, January 19, 1917.)

No. 2925.

BANKRUPTCY ⚖═348—PRIORITY BETWEEN PREFERENTIAL CLAIMS—TEXAS STATUTES.

Rev. St. Tex. 1911, art. 5490, gives landlords a preference lien for rent due and to become due within the current year on all property of the tenant on the premises. Article 5644 gives to clerks, accountants, laborers, etc., a first lien on the property created by or connected with their services "provided that the lien herein given to a farm hand shall be subordi-

nate to the landlord's lien now provided by law." *Held* that, on the bankruptcy of a mercantile partnership, the claims of its clerks for wages were properly given preference over the claim of its landlord for rent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ☞348.]

Petition to Superintend and Revise Order of the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

In the matter of Woulfe & Co., bankrupt. Petition of William Cameron & Co., Incorporated, against W. Goodwin and others to superintend and revise an order of the District Court. Petition denied.

The following is the order of Maxey, District Judge:

Whereas, on July 9, 1915, before T. F. Bryan, referee in bankruptcy for the Waco division of said court, there was a hearing to establish the allowance of claims entitled to priority of payment out of said estate. And whereas, at said hearing it was ordered by the said referee that the claims entitled to priority be allowed and ordered paid by the trustee in the following order to the extent of the funds now in the said trustee's hands, to wit: (1) All taxes due; (2) cost of preserving estate subsequent to the filing of petition; (3) all costs of administration; (4) wages due clerks for three months immediately prior to the filing of petition; .(5) to the landlord for all rents accrued prior to filing of petition and all rents to accrue up to the 1st of November, 1915, the end of the current rental year at a rental of $350 per month; and (6) to the secured creditor proceeds of the furniture and fixtures of bankrupt. And whereas, on the 15th day of July, 1915, William Cameron & Company, Incorporated, being the landlord creditor in said proceedings, being dissatisfied with the said order of the referee, filed a petition for review, which petition was granted and filed in this court together with said referee's certificate of review on the 16th day of August, 1915. And whereas, on the 16th day of November, A. D. 1915, in the United States District Court for the Western District of Texas, came on to be heard the said petition filed by Wm. Cameron & Co., Incorporated, attorneys appearing respectively in behalf of said wage-earners and in behalf of the said landlord; and the court after hearing the argument of counsel, being of the opinion that the said order of the referee made on July 9, 1915, should be in all things affirmed.

It is therefore ordered by this court that said order of referee entered on July 9, 1915, be and the same is hereby in all things affirmed, and that the order of the payment of said claims entitled to priority stand and be paid by the trustee as follows: (1) All taxes due; (2) costs of preserving estate subsequent to the filing of petition; (3) all costs of administration; (4) wages due clerks for three months immediately prior to the filing of petition; (5) to the landlord for all rents accrued prior to filing of the petition and all rents to accrue up to the 1st of November, 1915, the end of the current rental year at a rental of $350 per month; and (6) to the secured creditor proceeds of the furniture and fixtures of bankrupt.

W. M. Sleeper and Chas. A. Boynton, both of Waco, Tex., for petitioners.

Albert Boggess, of Waco, Tex., opposed.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. Considering that under the laws of Texas the owners of rented buildings have a so-called "preferential" lien (see Rev. Civ. Stat. Tex. 1911, Art. 5490), and that clerks, accountants, and laborers have a first lien only subordinate to the landlord's lien in the case of farm hands (Id., § 5644) we find that the priority in payment

accorded in the District Court under section 64d, Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. 1913, § 9648]), was not erroneous.

The petition to superintend is denied.

## On Petition for Rehearing.

The bankruptcy having intervened, and the clerks claiming liens having presented and established their liens in the bankruptcy court, it was wholly unnecessary to record the liens elsewhere.

The petition for rehearing is denied.

---

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes